IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARISSA VORODI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | FIELD ELECTRONICALLY |
| | : | ON NOVEMBER 6, 2023 |
| TNT FOOD ENTERPRISES LLC | : | |
| (d.b.a. "the Soda Jerk Diner"), | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

# COMPLAINT

Karissa Vorodi ("Plaintiff") brings this lawsuit against TNT Food Enterprises LLC (d.b.a. "the Soda Jerk Diner") ("Defendant") for (i) illegally terminating her employment in retaliation for pursuit of worker's compensation benefits and (ii) failing to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over Plaintiff's retaliation and PMWA claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Hummelstown, PA (Dauphin County).

5. Defendant is a corporate entity that maintains a registered office at 403 East Main Street, Hummelstown, PA 17036.

6. Defendant employs individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## FACTS

7. Defendant owns and operates the Soda Jerk Diner ("the Restaurant") located at 403 East Main Street, Hummelstown, PA 17036.

8. Plaintiff was employed by Defendant as a server at the Restaurant from approximately June 2022 until approximately September 8, 2023.

9. During her employment, Plaintiff was never disciplined by Defendant.

### Facts Pertaining to Plaintiff's Wrongful Termination Claim

10. On September 7, 2023, Plaintiff sliced off the tip of her thumb while slicing lettuce at the Restaurant ("work-place injury").

11. Plaintiff immediately informed the Restaurant's supervisor and owner of her workplace injury. She also informed her supervisor that she might seek medical treatment and need information regarding the Restaurant's worker's

compensation insurance coverage.

12. On the morning of September 8, 2023, Plaintiff sought medical treatment for her work-place injury at MedExpress Urgent Care in Hershey, PA. MedExpress staff instructed Plaintiff to obtain information regarding Defendant's worker's compensation insurance carrier so that her treatment and prescription would be covered.

13. On September 8, 2023 at approximately 9:00 a.m., Plaintiff asked Defendant for information concerning Defendant's worker's compensation insurance carrier.

14. On September 8, 2023 at approximately 9:50 a.m., Defendant terminated Plaintiff's employment.

15. Defendant's termination of Plaintiff's employment, occurring less than a day after Plaintiff reported her workplace injury and less than one hour after Plaintiff sought reimbursement for medical expenses from Defendant's worker's compensation insurance carrier, was motivated by Defendant's intention to retaliate against Plaintiff for seeking worker's compensation benefits.

16. As a result of Defendant's termination of Plaintiff's employment, Plaintiff has suffered damages, including, *inter alia*, the loss of past wages and benefits, the loss of future wages and benefits, and emotional pain and suffering.

**Facts Pertaining to Plaintiff's Minimum Wage Claims**

17. Defendant paid Plaintiff an hourly wage of $2.83 plus tips.

18. In seeking to comply with the FLSA and PMWA mandate that employees receive a minimum wage of $7.25/hour, Defendant purports to utilize a "tip credit" in the amount of $4.42 ($7.25 - $2.83) for each hour worked by Plaintiff and other servers. *See generally* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

19. Defendant regularly required Plaintiff to perform non-tip-generating tasks at the Restaurant. Such work included, but was not limited to: refilling salt and pepper shakers, rolling silverware, cleaning the salad area, cleaning the soup area, cleaning the ice cream area, cleaning other parts of the Restaurant, preparing salads, preparing desserts, and preparing certain food items. Plaintiff currently estimates (in the absence of discovery) that she spent approximately 50% of her working hours performing such non-tip-generating tasks during a typical week.

## COUNT I
### (Alleging Wrongful Termination)

20. All previous paragraphs are incorporated as though fully set forth herein.

21. Under Pennsylvania law, it is illegal for an employer to terminate an "at-will" employee if such termination would offend "a clear mandate of public policy." *Geary v. United States Steel Corp.*, 319 A.2d 174, 185 (Pa. 1974). This

"public policy exception" to the at-will employment doctrine prohibits Pennsylvania employers from terminating an employee in response to the employee's pursuit of worker's compensation benefits.  *See* e.g., *Shick v. Shirey*, 716 A.2d 1231, 1237 (Pa. 1998); *Smith v. R.R. Donnelley & Sons Co.*, 2011 U.S. Dist. LEXIS 105347, *19 (E.D. Pa. Sep. 16, 2011).

22. Defendant's termination of Plaintiff's employment was motivated by its intention to retaliate against Plaintiff for pursuing her statutory rights under the Pennsylvania Workers' Compensation Act.  Defendant's termination of Plaintiff's employment violates Pennsylvania law and is intolerable as a matter of public policy.

## COUNT II
### (Alleging Violations of the FLSA)

23. All previous paragraphs are incorporated as though fully set forth herein.

24. The FLSA entitles employees to a minimum hourly wage of $7.25.

25. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so with respect to hours in which servers perform non-tip-generating tasks.[1]  *See, e.g.,* 29 C.F.R. §

---

[1] The federal regulations delineate two types of non-tip-generating tasks.  One type of non-tip-generating tasks are those which are not part of a server's tipped occupation and the federal regulations provide a non-exhaustive list of examples of this type of work.  *See* 29 C.F.R. § 531.56(f)(5)(ii).  Servers must be paid the full

531.56(f)(4)(i) and 29 C.F.R. § 531.56(f)(5)(ii); *see also Zellagui v. MCD Pizza, Inc.*, 59 F. Supp. 3d 712, 715 (E.D. Pa. 2014) ("When employees perform both tipped and non-tipped work, employers must pay the full minimum wage for all hours that their employees spend performing non-tipped tasks.").

26. Defendant has willfully violated the FLSA by utilizing the tip credit to pay Plaintiff for time associated with non-tip-generating tasks.

## COUNT III
### (Alleging Violations of the PMWA)

27. All previous paragraphs are incorporated as though fully set forth herein.

28. The PMWA entitles employees to a minimum hourly wage of $7.25.

29. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so with respect to hours in which servers perform non-tip-generating tasks.[2] *See* 34 Pa. Code § 231.111 (incorporating 29 C.F.R. § 531.56)).

30. Defendant has violated the PMWA by utilizing the tip credit to pay

---

minimum wage for any time spent performing such work. *See* 29 C.F.R. § 531.56(f)(5)(i). The other type of non-tip-generating tasks are those which directly support a server's tip-generating work and the federal regulations provide a non-exhaustive list of examples of this type of work. *See* 29 C.F.R. § 531.56(f)(4)(ii). Servers must be paid the full minimum wage for any work that exceeds more than 20% of their time during a workweek. *See* 29 C.F.R. § 531.56(f)(4)(i).
[2] *See* footnote 1, *supra*.

Plaintiff for time associated with non-tip-generating tasks.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.  $4.42 for every hour worked performing non-tipped-generating tasks;

B.  Unpaid past and future wages and benefits;

C.  Compensatory damages for Plaintiff's emotional pain and suffering;

D.  Punitive damages;

E.  Prejudgment interest to the fullest extent permitted under federal and state law;

F.  Liquidated damages to the fullest extent permitted under the FLSA;

G.  Litigation costs, expenses, and attorneys' fees; and

H.  Such other and further relief as this Court deems just and proper.

Date:  November 6, 2023

Respectfully,

/s/ Mark J. Gottesfeld
Peter Winebrake
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
mgottesfeld@winebrakelaw.com
*Attorneys for Plaintiff*